**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: February 15, 2019
Date Decided: March 6, 2019

William R. Firth, III, Esquire
CKR LAW, LLP
1000 N. West Street
Suite 1200
Wilmington, DE 19801

Michael L. Vild, Esquire
Cross & Simon, LLC
1105 North Market Street
Suite 901
Wilmington, DE 19801

Re: *Tratado de Libre Commercio, LLC v. Splitcast Technology, LLC*
C.A. No. 2019-0014-JRS

Dear Counsel:

I have reviewed Plaintiffs/Petitioners' ("Plaintiffs") Motion to Perfect Service and Defendants/Respondents' ("Defendants") separate correspondence on service. After reviewing these submissions, I am satisfied that Plaintiffs have not yet perfected service of process on the dissolved entity, Splitcast Technology LLC ("Splitcast"). Plaintiffs may, however, perfect service upon Splitcast by publication and certified mail as explained below. Upon perfection of service, I will consider

an application to appoint a trustee for Splitcast for the purpose of defending this action.

In their Complaint, Plaintiffs seek to: (a) nullify the certificate of cancellation of Splitcast, a Delaware limited liability company that allegedly caused damages to Plaintiffs; (b) return assets to Splitcast so that the assets can be used to satisfy Plaintiffs' claim against Splitcast; and (c) appoint either Hugo Neira, Felipe Arredondo or another member of Splitcast as a trustee for Splitcast for the purpose of defending Plaintiffs' claims against it, including, as necessary or proper, broad power to "do all other acts which might be done by the [LLC], if in being, that may be necessary for the final settlement of unfinished business of the [LLC]."[1]

According to Defendants, Splitcast was properly dissolved in October 2015 and cannot, therefore, be served with process through traditional means available for service upon a viable legal entity. I agree. The entity no longer has a registered agent or active senior officers upon whom personal service could be perfected. Nevertheless, for reasons explained below, I am satisfied that service may be

---

[1] Compl. ¶ 1.

perfected upon Splitcast by publication and certified mail under Court of Chancery Rule 4(d)(7).

This court previously has determined that service of process can be made upon a defunct corporation under Chancery Rule 4(d)(7) and 8 Del. C. § 279 ("Section 279").[2] While decided in the context of efforts to serve a corporation, *Krafft* is persuasive authority in the alternative entity context given the lack of on-point authority in that space.[3] Having reviewed 6 Del. C. § 18-805 ("Section 18-805"), I am satisfied that, like Section 279, Section 18-805 authorizes service to be made on a dissolved limited liability company. The question is how to perfect such service. In this case, Plaintiffs have sent notice of the suit by regular mail to counsel

---

[2] *In re Krafft-Murphy Co., Inc.*, 2011 WL 5420808, at *3–4 (Del. Ch. Nov. 9, 2011). *See* Ct. Ch. R. 4(d)(7) ("An order directing another or an additional mode of service of a summons in a special case may be made by the Court."); 8 *Del. C.* § 279 ("When any corporation organized under this chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any . . . person who shows good cause therefor, at any time, may appoint 1 or more of the directors of the corporation to be trustees . . . with power to prosecute and defend, in the name of the corporation . . . all such suits as may be necessary or proper for the purposes aforesaid.").

[3] *Matthew v. Laudamiel*, 2012 WL 605589, at *21–22 (Del. Ch. Nov. 1, 2011) ("Since the wording and context of these two statutory provisions are essentially identical, authorities interpreting § 279 are persuasive when interpreting § 18-805.").

for the former members of Splitcast. In my view, more is required to perfect service of process on the dissolved entity.[4]

In *Krafft*, the Court found that Chancery Rule 4(d)(7) and Section 279 authorize the Court to fashion a method to perfect service on a dissolved corporation that was a necessary party to litigation even though the three-year statutory winding up period had expired.[5] The court ordered that, to perfect service, the petitioners were required to publish notice in newspapers published in Delaware and Virginia (the residence of the dissolved entity's former senior officers) and provide additional written notice to an attorney associated with the respondent corporation.[6] A similar approach is justified here.

---

[4] *In re Krafft-Murphy Co., Inc.*, 2011 WL 5420808, at *3 ("Although [counsel] admittedly is authorized to accept service on behalf of the Company for tort claims . . . Respondent denies ever having made him a general agent for service of process on it or authorizing him to accept service in this action, which does not involve a tort claim").

[5] *Id.*

[6] *Id.* at *3–4, 10–12; *see also Mathias v. Angola Neck Park Property Owners Assoc., Inc.*, 2014 WL 6478844, at *2 (Del. Ch. Nov. 20, 2014) (holding that service of process may be perfected on a dissolved corporation by publishing notice of the complaint and petition in a Delaware newspaper for three consecutive weeks and by mailing notice to each property owner previously associated with the dissolved entity as well as the Sussex County Council).

William R. Firth, III, Esquire
Michael L. Vild, Esquire
March 6, 2019
Page 5

As noted, Plaintiffs seek an order nullifying the certificate of cancellation of Splitcast and an order directing that the members return assets to the entity so that it can satisfy obligations allegedly owed to Plaintiffs. Given these claims, Splitcast is a necessary party to this litigation. The entity is fully dissolved and well past its winding up period. Accordingly, it is necessary for the Court to invoke its broad authority under Rule 4(d)(7) to "direct another or additional . . . mode of service" to accommodate this "special case."[7] With this in mind, service of process upon Splitcast shall be effected as follows: (1) Plaintiffs shall publish notice of this action in a widely-circulated Delaware newspaper daily for two consecutive weeks[8]; (2) Plaintiffs shall mail copies of the summons, verified complaint/petition and this letter by certified mail to both Defendants/Respondents Hugo Neira and Felipe Arredondo, as former senior officers of Splitcast, at their last known addresses, including Chilean addresses, and separately to their counsel[9]; and (3) Plaintiffs'

---

[7] Ct. Ch. R. 4(d)(7).

[8] Pursuant to Chancery Rule 4(d)(7), the first condition is fashioned after 10 *Del. C.* § 3111(b).

[9] Pursuant to Chancery Rule 4(d)(7), the second condition is fashioned after Chancery Rule 4(da) Service by Publication, which pertains to compelling appearance pursuant to

counsel shall file an affidavit of compliance with the Court outlining the steps taken to comply with the Court's directions and attaching the service documents as exhibits.

As for the timing of Plaintiffs' petition to appoint a trustee, Section 18-805 provides that on application of any creditor, member, or any other person showing good cause "at any time," the Court of Chancery may appoint a trustee if it is necessary to settle the canceled limited liability company's unfinished business.[10] I agree with Plaintiffs that, contrary to Defendants' position, the fact Splitcast has been dissolved for more than three years does not change the application of Section 18-805. "Any time" means just that; the application may be filed at any time. Moreover, even if I was inclined to be guided by a statutory winding-up window when assessing the timeliness of a petition to appoint a trustee, I note that the Delaware Limited Liability Company Act does not contain a three-year wind up

---

10 *Del. C.* § 365, but offers guidance on service by certified mail to a defendant's address outside Delaware.

[10] 6 *Del. C*. § 18-805.

provision comparable to 8 *Del. C.* § 278.[11]  Thus, I see no basis to apply that temporal

limitation here, particularly in this procedural context.

Notwithstanding that parties with good cause may petition the Court to

appoint a trustee at any time, the petition may not be considered by the Court until

service has been perfected upon the dissolved entity.[12]  Plaintiffs must also be

mindful of Chancery Rule 150, which prohibits a nonresident from serving as the

"sole receiver"[13] for a corporation, association, or partnership.[14]  Consistent with

Rule 150, if Plaintiffs' proposed trustee is a nonresident of Delaware, Plaintiffs shall

propose a member of the Delaware bar to serve as co-trustee with the proposed

---

[11] *Id.*

[12] *Mathias*, 2014 WL 6478844, at *1–2 (explaining that plaintiffs were entitled to petition the Court to appoint a receiver, but that perfection of service on the defunct corporation was a separate procedural requirement, which could only be satisfied by publication and mail, not through service upon a proposed receiver).

[13] Ct. Ch. R. 150 ("No person shall be appointed sole receiver who does not at the time of appointment reside in the State of Delaware").

[14] Ct. Ch. R. 148 ("Rules 149 to 168 shall apply to all cases in which receivers are appointed for any person, partnership, association or corporation, existing or dissolved, **and in all cases in which trustees are appointed for a dissolved corporation**, whether such receivers or trustees are appointed pursuant to a statute of the State of Delaware or pursuant to the inherent authority of the Court") (emphasis supplied).

nonresident. Alternatively, Plaintiffs should explain to the Court why Rule 150 should be waived in this circumstance.[15] Plaintiffs shall amend their Petition for Appointment of Trustee pursuant to Section 18-805 to reflect the constraints of Rule 150 and identify specifically the proposed trustee(s). The Court is not inclined to select which of the former Splitcast managing members should be appointed as trustee.

Based on the foregoing, Plaintiffs' Motion to Perfect Service is **DENIED**. Plaintiffs shall follow the directions set forth herein to perfect service upon the dissolve entity.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[15] *See, e.g.*, *Recker v. Ou*, 2014 WL 2042431, at *1 (Del. Ch. May 16, 2014) (holding that Chancery Court Rule 150 required plaintiff to propose a member of the Delaware bar to serve as co-receiver with the proposed nonresident receiver or to persuade the Court to waive Rule 150).